EMMA FAIRBANKS, APPELLEE, V. SOVEREIGN CAMP, WOODMEN OF THE WORLD, APPELLANT.

FILED MARCH 26, 1936. No. 29615.

*Deutsch & Young* and *Rainey T. Wells,* for appellant.

*M. S. McDuffee, contra.*

Heard before GOSS, C. J., ROSE and DAY, JJ., and ELDRED and TEWELL, District Judges.

DAY, J.

This is an action upon two membership certificates issued by the Sovereign Camp of the Woodmen of the World, a fraternal insurance order. The order defended on the theory that the certificates lapsed in March, 1933, and in May, 1933, the member attempted to reinstate his insurance by the payment of arrearages under the provisions of the constitution, laws and by-laws of the order, which required as a condition precedent for the reinstatement without medical examination that the member be and warrant that he is in good health at the time of his reinstatement and continue in good health for a period of 30 days thereafter. It was alleged in the answer of defendant that the member at the time of his reinstatement was totally disabled and afflicted with a chronic, advanced case of diabetes and pyelitis of four years' duration, and that he died of this ailment September 12, 1933, after reinstatement. The defendant tendered a return of the assessments paid, which were refused. The case was submitted to a jury, which returned a verdict for the plaintiff.

The significance of the constitution, laws and by-laws of a fraternal benefit society has recently been determined by this court in *Van Dahl v. Sovereign Camp, W. O. W., ante,* p. 181, 264 N. W. 454, in which opinion the court cited the previous decisions of this court. The rules are restated briefly because they are applicable to this case. The articles of incorporation, constitution, laws and by-laws of a fra-

ternal insurance association, together with the application for membership and benefit certificate, constitute the insurance contract.

The *Van Dahl* case also states the law applicable to suspension and reinstatement of members in a fraternal insurance association. It is not necessary to repeat the statements at length here; it is sufficient to apply them. A suspended member of a fraternal benefit association can only be reinstated in strict conformity to the by-laws in force at the time, and has no rights under his certificate until so reinstated. Now, at the time the member attempted to reinstate his contract with the defendant, the by-laws required that, as conditions precedent, he must pay all the arrearages within a certain time, and he must be in good health and continue to be in good health for a period of 30 days following reinstatement. The member knew of these provisions, because he and the local secretary read the by-laws together relative to reinstatement. He met the first condition and paid all arrearages. But he did not meet the second condition. He was not in good health. The beneficiary furnished proof of death to the defendant. Her signed statement revealed the following: "The cause of his death being diabetes. * * * The deceased was taken sick with the trouble which caused his death on the 16 day of March, 1930, and the duration of his last illness was 3 or 4 weeks. He was unable to work after July 18, 1930. * * * When did you first notice or learn of any sign or symptom of failing heath in the deceased? Early spring of 1930."

As a part of the above proof, the beneficiary also sent a statement of an attending physician which contained the following: "For how long a time was deceased confined to his house or prevented from attending to his business? About 4 years. When, how long, and for what did you treat deceased during his last illness? From July 18, 1930, diabetes and an infected bladder and left kidney. * * * What was the cause of death? Diabetes and pyelitis. Duration: Approximately 4 years. * * * Was it complicated with any other disease, acute or chronic? If so, what? Pyelitis re-

sulted from diabetes. Duration: 4 yrs." The attending physicians were not permitted to testify on the theory that their knowledge was privileged. There is some question presented as to waiver, but it is unnecessary to determine whether this exclusion of evidence was erroneous for the reason that the evidence is sufficient to establish that the member was not in good health at the time he attempted to reinstate his membership in the order. The proof of loss sent the defendant establishes the fact that the defendant, who had been totally disabled for a period of four years with diabetes and died of the disease within four months, was not in good health at the time of the reinstatement. There is testimony of experts that by the use of insulin one suffering with diabetes may live for many years. In the case at bar, it would be quibbling over words and giving them an absurd and unusual meaning to say that one totally disabled with diabetes for a period of four years, who died within four months of his attempted reinstatement, was in good health at the time.

Under the contract in this case, the member had to pay all arrearages within a certain time and be in good health, as conditions precedent to his reinstatement. Rules of law relative to representation and warranty are not applicable to this case. The member did not comply with the conditions precedent for reinstatement and was never reinstated. The trial court should have directed a verdict in favor of defendant.

REVERSED AND DISMISSED.